**J. F. BAILEY, Appellant,**

v.

**Charles D. THOMPSON et al., Appellees.**

Court of Appeals of Kentucky.

March 22, 1957.

Wallis M. Bailey, Lexington, for appellant.

Mooney & Turley, Lexington (Oscar H. Geralds, Jr., Lexington, of counsel), for appellees.

STEWART, Judge.

The question involved in this appeal is whether a certain parcel of real estate lying in Castlewood Park Subdivision to the City of Lexington was dedicated as a street.

On May 10, 1940, appellant, J. F. Bailey, conveyed an acreage of land on the outskirts of Lexington to the Savage Lumber and Manufacturing Company (hereinafter called "the company"). This provision was embraced in the deed: "There is excepted from the above described tract two lots to be used for streets, containing 0.34 acre." The company subdivided the property and filed a plat thereof in the Fayette County Court Clerk's office. The land in litigation is a 50 x 150-foot tract lying between "Block J" and "Block K" on the northeast side of the subdivision. This tract appears on the plat as an extension of Churchill Drive eastwardly beyond Park View Avenue.

Appellees, Olivia C. Greene, on August 18, 1953; and Charles D. Thompson and Mary W. Thompson, his wife, on January 6, 1951, purchased Lot 1 in "Block J" and Lot 10 in "Block K", respectively. They bought their lots, relying on the plat which indicated they were acquiring corner lots and that the area between the two lots had been dedicated to the public use as a street by their grantor. In conformity with this design, they erected their residences and the other buildings on their lots so as to take advantage of the space of land located between them. The garage of each appellee faces toward what would be Churchill Drive, if extended, although their garages were built wholly on their lots. This stretch has been graveled for use as a driveway. The record makes it obvious that to deny appellees the right to enjoy the tract between their lots for street purposes would virtually deprive them of access to the rear of their homes by means of any motor vehicle from Park View Avenue.

Appellant claims that the tract involved and another parcel, marked "Street", situated between Lot 1 in "Block K" and Lot 10 in "Block L", are the two pieces of property he retained by virtue of his exception. These two strips of ground contain .34 acre. It seems that the company knew these were the tracts appellant wanted to keep. According to him, they built curbing and guttering along the east edge of Park View Avenue and left gaps in front of each tract. Moreover, in 1943, the company *bought* one of these parcels from appellant, thereby recognizing his rights. Appellant argues he did not except an easement for streets in the two lots; he excepted the land itself.

The trial court, sitting without a jury, adjudged that appellant had no interest in the tract in dispute and decreed that the property should be divided equally be-

tween the two adjacent landowners, namely, appellees. This appeal is from that ruling. The learned trial judge did not hand down an opinion as to why he held each of appellees entitled to an undivided one half interest in the tract under discussion. Therefore, we can only speculate as to the basis for his decision. It is our conclusion that appellant himself made a dedication of this tract. More than this, there seems to be an element of estoppel present in this case that certainly would preclude appellant from denying that the property was set apart as a street.

The deed from appellant to the company, wherein the exception appears that the two lots excluded from the conveyance were "to be used for streets", sets forth, according to our view, a clear manifestation of intent by appellant to dedicate this property, and such language, in our opinion, was sufficiently comprehensive to constitute a dedication of the land. In 16 Am.Jur., Dedication, Sec. 21, p. 365, it is stated, " * * * if the deed reserves a portion of the land for certain public purposes, there is an express dedication." This rule of law aptly fits the instant case. In fact, one can reach no other conclusion from reading the exclusionary language in question than that the words mean what they literally say, namely, that the two lots reserved to appellant were "to be used for streets".

■ Appellant's conduct since he sold the acreage to be subdivided has an important bearing on the claim he now makes to the tract. He allowed a plat to be recorded in the clerk's office which would indicate the lot is an extension of Churchill Drive, since it is exactly opposite the latter street and continues on eastwardly from it the same width. Thus, in observing this tract on the plat, one would readily assume it was dedicated for street purposes. Later, when the subdivider had curbs and gutters laid in the subdivision, these improvements were rounded to provide for the construction of a street between appellees' lots. Then, too, appellant stood by and watched appellees improve their property with reference to

the tract, with the result that they would incur considerable damages and suffer much inconvenience if they were forbidden to use the property henceforth as a street. The record discloses that appellant has paid no taxes on the property since he sold it. And he had allowed sixteen years to elapse before making known to appellees his claim of title to the property.

In the light of the facts recited, we believe appellant is barred from asserting any right of title in and to the land in controversy, if in the first instance he retained such right by virtue of the deed. Not only has he delayed for such a long period of time to come forward with his alleged claim of ownership but he has failed to question the use of the tract for street purposes until after appellees placed buildings on their respective lots with the view that it was a public driveway. All his past acts, save one which was a deal between him and the company, signify that he actually made a dedication of the lot. Accordingly, it is our thought that it would be unconscionable to allow appellant to now maintain a position inconsistent with the one which he has acquiesced in for so long a time. Therefore, we conclude appellant is estopped to deny that the tract was not dedicated as a street.

■ Although estoppel was not alleged by any of the pleadings of appellees, as is required by CR 8.03, this issue was presented and treated in this case, without objection, as if it had been raised by the pleadings. Consequently, under the authority of CR 15.02, we hold the doctrine of estoppel may be considered applicable to the facts developed here.

■ As has been noted, the lower court adjudged appellees to have title to the tract lying between their lots, share and share alike. The reason for this adjudication is not shown but perhaps this ruling was on the theory that there had been an abandonment of the land. Be that as it may, we do not believe the record supports this finding. The parties have practiced this cause, including this appeal, upon the issue raised

as to whether the tract was or was not dedicated as a street. We feel that it should be confined to this point. We have held there was a valid dedication of the land and this view precludes our ruling that appellees have any title to it. As a matter of fact, they have treated it throughout only as a public way. It follows that the decree vesting each of appellees with a one half interest in the property constituted a prejudicial error.

Wherefore, the judgment is reversed with directions that it be set aside and that a new one be entered in conformity with this opinion.